UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Vivian Pigg, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   vs. | )   Case No.:1:16-cv-1902-JMS-DML |
| | ) |
| Fair Collections & Outsourcing of | ) |
| New England, | ) |
| | ) |
|        Defendant. | ) |

**FIRST AMENDED COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, Vivian Pigg, by counsel, files this Complaint Seeking Damages for Violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act in the above-captioned action, and hereby states as follows:

**Introduction**

1. This case is an action for actual, statutory, and punitive damages, legal fees and costs pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681a *et seq*. (hereinafter referred to as the "FCRA"). In this action, the Plaintiff seeks money damages as provided under the Act as a result of Defendant's conduct.

2. The purpose of the FCRA is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable, and with regard to the *confidentiality*, accuracy, and proper utilization of such information. Id. (emphasis added).

3. This is an action for actual and statutory damages, legal fees, and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 *et seq*. (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

4. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. Id.

5. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue vs. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

6. Even a single violation of the FDCPA is sufficient to support liability. <u>Taylor vs. Perrin Landry, deLaunday & Durand</u>, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Parties, Jurisdiction and Venue

7. Plaintiff, Vivian Pigg, is a citizen of the State of Indiana and a resident of Indianapolis. At all relevant times, she has been over the age of 21 years.

8. Defendant, Fair Collections & Outsourcing of New England, Inc., (hereinafter referred to as "Defendant"), is a corporation doing business in the State of Indiana.

9. Defendant is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

10. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §§ 1681p, Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b). Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

11. Defendant conducts business in this judicial district.

12. Plaintiff resides in this judicial district.

13. The acts and transactions alleged herein occurred in this judicial district.

### Factual Allegations

14. Plaintiff is a consumer. *See Affidavit of Plaintiff attached hereto as Exhibit "1".*

15. Plaintiff incurred a debt that was primarily for personal, family or household purposes. *See Affidavit of Plaintiff attached hereto as Exhibit "1".*

16. Specifically, Plaintiff defaulted on her rental agreement with her former landlord, Ashford Keystone Apartments. Plaintiff's rental agreement with her former landlord is not "credit" under the law and her rental agreement was not a "credit transaction", permitting the procurement of her credit report.

17. After the default of the debt, Defendant attempted to collect an outstanding balance that Plaintiff allegedly owed to Ashford Keystone Apartments.

18. After Defendant began attempting to collect the aforementioned alleged debt, Defendant began reporting this debt to various credit reporting agencies.

19. On or about June 18, 2015 Plaintiff reviewed her TransUnion credit report. According to her TransUnion credit report, Defendant procured her credit report on or about April 15, 2015. *See Exhibit "1".*

20. Defendant never received permission from the Plaintiff to obtain her credit report. *See Exhibit "1"*.

21. Further, Defendant had no permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, to obtain Plaintiff's Experian credit report.

22. The procuring of Plaintiff's credit report is an action which constitutes an account review in this matter.

23. Defendant therefore willfully, and at the very least negligently, procured Plaintiff's credit report without a permissible purpose, making it liable for damages under the FCRA.

24. On June 2, 2015, the Plaintiff identified her legal counsel for this debt to one of the Defendant's employees during a telephone conversation.

25. On February 23, 2016, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 16-00987-JMC-7. *See Notice of Bankruptcy Filing attached hereto as Exhibit "2"*.

26. The Plaintiff's bankruptcy petition contains a list of schedules of debts.

27. The Defendant is listed on the Plaintiff's Schedule F of the Plaintiff's bankruptcy petition as one of the Plaintiff's alleged creditors.

28. The Bankruptcy Noticing Center sends notice of the bankruptcy and automatic stay to those entities listed on the Plaintiff's bankruptcy petition.

29. On February 27, 2016, the Bankruptcy Noticing Center sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, to the Defendant. *See Exhibit "2"*.

30. The Notice of Bankruptcy sent by the Bankruptcy Noticing Center contains the following: "...**the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property....If you attempt to collect or take other action in violation of the Bankruptcy Code, you may be penalized**." (emphasis in original)  *See Exhibit "2"*.

31. Plaintiff believes that Defendant received the aforementioned Notice of Bankruptcy.

32. Plaintiff received an order granting her discharge of her debts on May 21, 2016. *See Notice of Discharge attached hereto as Exhibit "3"*.

33. The Bankruptcy Noticing Center sent the Discharge of Debtor to the Defendant on May 25, 2016.  *See Exhibit "3"*.

34. Plaintiff believes that Defendant received the aforementioned Discharge of Debtor.

35. The Defendant received multiple notifications from the U.S. Bankruptcy Court that this debt was subject to a bankruptcy case, but the Defendant continued to take actions to attempt to collect the alleged debt at issue in this matter.  Thus, the Defendant knew that the Plaintiff had completed a chapter 7 bankruptcy case and had received a discharge of her debts, including the debt(s) that the Defendant was attempting to collect.

36. However, despite receiving the aforementioned notifications from the U.S. Bankruptcy Court, the Defendant continued to call the Plaintiff in an attempt to collect a debt that was included in her bankruptcy.

37. Additionally, on June 2, 2015, the Plaintiff identified her legal counsel for the debt to one of the Defendant's employees.

38. Despite all of the aforementioned notifications, the Defendant initiated calls directly to the Plaintiff on numerous occasions in order to collect on a debt that was included in his bankruptcy petition.  Additionally, the Defendant engaged in skip-tracing efforts in an attempt to collect the debt that the Defendant was legally enjoined from attempting to collect.  All of the aforementioned debt collection activities occurred between April of 2016 and July of 2016.

### Count I
### Willful Wrongful Procurement
### Of Plaintiff's Credit Report

1. The allegations of Paragraphs 1 through 38 of the complaint are realleged and incorporated herewith by references.

2. Defendant acted knowingly in requesting and obtaining Plaintiff's credit report without a permissible purpose.

3. Defendant's conduct in knowingly obtaining Plaintiff's credit report without a permissible purpose violated 15 U.S.C. §1681b(f).

4. Defendant acted willfully in requesting and obtaining Plaintiff's credit report without a permissible purpose.

5. Defendant's conduct in willfully obtaining Plaintiff's credit report without a permissible purpose violated 15 U.S.C. §1681b(f).

### COUNT II:

### Violation of the FDCPA

1. The allegations of paragraphs 1 through 38 of the Complaint are realleged and are incorporated herewith by reference.

2. The Defendant's impermissible review of the Plaintiff's credit report constitutes a violation of the FDCPA.

3. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692c by contacting the Plaintiff directly in an attempt to collect a debt when it had knowledge of legal representation.

4. The Defendant violated 15 U.S.C. § 1692e by making a misrepresentation to the Plaintiff in an attempt to collect a debt by misrepresenting the legal status of the debt to the Plaintiff.

5. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by misrepresenting the legal status of the debt to the Plaintiff.

6. The Defendant engaged in conduct the natural consequence is to harass or oppress any person which violates the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by contacting the Plaintiff directly when it had knowledge of the automatic stay of the Bankruptcy Court in addition to having knowledge of the Plaintiff's legal representation.

7. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by attempting to collect a debt it was legally enjoined from collecting.

8. The Defendant's acts and omissions intended to harass the Plaintiff in violation of 15 U.S.C. § 1692d, by attempting to collect a debt it was legally enjoined from collecting.

9. The Defendant's violated 15 U.S.C. § 1692e by attempting to collect a debt it was legally enjoined from collecting.

10. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

11. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

WHEREFORE, the Plaintiff requests that this Court grant the following:

1. A judicial declaration that Defendant's practice of obtaining Plaintiff's credit report violates the FCRA;

2. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

3. An award of actual and statutory damages under the FCRA and FDCPA to Plaintiff in an amount to be determined at trial;

4. An award of punitive damages as provided by the FCRA;

5. An award of the costs of bringing this action and reasonable attorneys' fees; and

6. Such other and further relief as the court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com