UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Vivian Pigg,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No.:1:16-cv-1902-JMS-DML |
| **Fair Collections & Outsourcing of New England, Inc.,** | ) ) ) ) |
| **Defendant.** | ) ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, by counsel, files this Response in Opposition to Defendant's Motion to Dismiss in the above-captioned action.

### A.   Introduction

Defendant's Motion to Dismiss is based entirely on the misreading of the Fair Credit Reporting Act ("FCRA").  The case law Defendant provided is outdated and not germane to the central issues of this case.  As set forth in this Memorandum, the facts and the law as set forth in the Plaintiff's Amended Complaint are clearly in favor of the Plaintiff; therefore, the Court should issue a decision in favor of the Plaintiff and the Defendant's motion should be denied for the reasons set forth herein.

### B.   Statement of Facts

The facts in this case, as set forth in Plaintiff's Affidavit and Complaint, are straight forward.  Several years ago, Ms. Pigg entered into a lease agreement with Ashford Keystone

1

Apartments. *Docket #34,* paragraph 16. Unfortunately, Ms. Pigg could not complete her lease term with Ashford Keystone Apartments and ultimately had a debt to it. Id. Ashford Keystone Apartments hired Fair Collections & Outsourcing of New England, Inc. ("the Defendant") to collect the debt that Ms. Pigg owed to it. *Docket #34,* paragraph 17.

Plaintiff, Vivian Pigg, is a consumer. *Docket #34*, paragraph 16. Defendant is a person. *Docket #34*, paragraph 9. On January 18, 2015, the Plaintiff reviewed her TransUnion credit report. *Docket #34*, paragraph 19. The Plaintiff discovered that Defendant had procured her credit report on or about April 15, 2015. Id. Plaintiff never gave Defendant permission to obtain her credit report and Defendant did not have permission under the FCRA. *Docket #34*, paragraph 20. Thus, by procuring of Plaintiff's credit report without a permissible purpose, Defendant violated the Fair Credit Reporting Act (hereinafter "FCRA").

### C. Standard of Review
### A. Motions to Dismiss are not Favored in the Law

On a motion to dismiss, a complaint should not be dismissed unless it "appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Walker v. Fortis Benefits Ins. Co., 2005 WL 3157578, 1 (C.D. Ill., 2005); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir.1993). Instead, Plaintiff's Complaint should be "construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f)." Id. In the realm of motions to dismiss, the complaint is to be viewed in the light most favorable to the plaintiff, all well-pleaded factual allegations taken as true, and for all reasonably-drawn inferences to be in favor of the plaintiff. Id; Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East

HazelCrest, 110 F.3d 467 (7th Cir.1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir.1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir.1992). The Federal Rules impose only a notice-pleading requirement for complaints. Therefore, "…the [Plaintiff] need only give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Brown v. Palisades Collection, LLC, 2011 WL 2532909 (S.D. Ind. 2011). Thus, the court will give the complaint the benefit of the doubt regarding reasonable inferences that may be drawn from it. Id. When ruling on a motion under Rule 12(b)(6), "…the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them." Westfield Ins. Co. v. Sheehan Const. Co., Inc., 575 F.Supp.2d 956, 958 (S.D. Ind. 2006). For Plaintiff to survive Defendant's Motion to Dismiss, the Complaint "must only contain enough to allow the court and defendant to understand the gravamen of plaintiff's complaint." Jackson v. Illinois Bell Telephone Co., 2002 WL 1466796, 2 (N.D. Ill., 2002) (*quoting* McCormick v. City of Chi., 230 F.3d 319, 323-24 (7th Cir. 2000)).

While courts recognize the benefits to motions to dismiss, Rule 12(b)(6) motions are "viewed with marked disfavor and should not be granted…unless it appears beyond doubt that the complaining party can prove no set of facts in support of his allegations which would entitle him to relief." Armstrong v. Snyder, 103 F.R.D. 96, 101 (E.D. Wisc.1984); St. Marie & Son, Inc. v. Hartz Mountain Corporation, 414 F.Supp. 71, 74 (D.Minn.1976); Harbert v. Rapp, 415 F.Supp. 83, 86 (W.D.Okla.1976). In summary, to survive a Rule 12(b)(6) motion to dismiss, the allegations must "raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face." BKCAP, LLC v. Captec Franchise Trust 2000-1, 2010 WL 1222187, 3 (N.D. Ind. 2010).

### D. Standard Under the FCRA

The FCRA is designed to protect consumers from inaccurate or arbitrary information in a consumer report and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner.  *See* 15 U.S.C. § 1681; Morris v. Credit Bureau of Cincinnati, 563 F.Supp. 962 (S.D. Ohio, 1983); St. Paul Guardian Ins. Co. v. Johnson, 884 F.2d 881 (5th Cir. 1989); Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986); Hovater v. Equifax, Inc., 823 F.2d 413, 417 (11th Cir. 1987); Nikou v. INB Nat. Bank, 638 N.E.2d 448 (Ind. App. 5 Dist. 1994).  Further, it is fashioned so as to protect the credit worthiness and reputation of every consumer.  Ackerly v. Credit Bureau of Sheridan, Inc., 385 F.Supp. 658 (D.Wyo. 1974); Klapper v. Shapiro, 586 N.Y.S.2d 846 (Sup. Ct. 1992).

The protection of consumers in their individual capacities from the unscrupulous use of credit reports is the underlying policy of the FCRA.  *See* Klapper.  The FCRA, like the other portions of the Consumer Credit Protection Act of 1968, is to be liberally construed.  *See* Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995).  It's provisions are to be construed in favor of recovery by the consumer and against the credit reporting agency, user of credit information and any other violator.  Id.

### E. The FCRA and Invasion of Privacy

The innate right to privacy or "right to be let alone" from intrusion by fellow private citizens cannot be expressly found in our Constitution.  Warren and Brandeis, "The Right to Privacy," 4 Harv.L.Rev. 193.  Yet the basis of this individual right exists and is recognized by numerous courts.  *See* Tureen v. Equifax, 571 F.2d 411 (8th Cir. 1978).  The Fair Credit Reporting Act provides that "...consumer reporting agencies [and users of credit information and

information furnishers] (must) exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. (emphasis added.)". *See* 15 U.S.C. 1681, 1681(a)(4). Further, "...consumer reporting agencies [and users of credit information and information furnishers] (must) adopt reasonable procedures for meeting the needs of commerce for consumer credit,... in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information..."(emphasis added). 15 U.S.C. § 1681(b), 1681s-2. Courts have acknowledged that the advent of computerized information storage and retrieval increased the danger of harm to consumers resulting from inaccurate and unwarranted disclosures of personal and credit data. *See* State v. Credit Bureau of Nashua, 342 A.2d 640 (N.H. 1975).

Privacy issues are important in the field of information crime and reporting, as consumer reports, and their underlying data sources, contain sensitive information about the target of the ultimate consumer report and that information can easily be misused. *See* St. Paul Guardian Ins. Co., at 884; "Theft of Identity: A Credit Nightmare," *Texas Bar Journal*, Texas Bar Association, Vol. 56, No. 10, pp.994-999 (November, 1993); Burford v. First National Bank in Mansfield, 557 So.2d 1147 (La. App. 2 Cir. 1990); Haggard v. Shaw, 100 Ga.App. 813, 818, 112 S.E.2d 286, 291 (1959) (containing broad language to the effect that cause of action for invasion of privacy may be maintained where information sent is done for the purpose of doing injury to the plaintiff).

### IV. Argument

Defendant stated that the Plaintiff's claim that the rental agreement is not credit is "both false and irrelevant". Defendant is wrong on both counts. First, a "credit transaction" is

necessary in order to pull a consumer report for "collection of an account." Second, a rental agreement is not "credit" as that term is defined by the FCRA. As set forth below, the Plaintiff will show the Defendant did not have a permissible purpose when it procured Plaintiff's credit report.

    A.    **A Credit Transaction is necessary for a 1681b(a)(3)(A) permissible pull**

Defendant has based its entire Motion to Dismiss on a misreading of the statute. The statute is clear. Section 1681b(a)(3)(A) permits a credit reporting agency to furnish a consumer report to a person it believes:

> "Intends to use the information in connection with a **credit transaction** involving the consumer on whom the information is to be furnished **and** involving the extension of credit or, or review or collection of an account of, the consumer; or"
>
>                               15 U.S.C. § 1681b(a)(3)(A)(emphasis added).

The intended use must first be in connection with a credit transaction involving the consumer, and then, either involving extension of credit to that consumer or review or collection of an account of that consumer. The Defendant is completely ignoring the first requirement for receiving a consumer report under this section. It **must** be in connection with a credit transaction. Clearly, Defendant focuses on the language "collection of an account" and disregards the rest of that portion of the statute. In fact, all of the cases the Defendant listed in its brief, in support of the claim that debt collectors can obtain credit reports, are based on credit card debt. Defendant provides no caselaw involving landlord-tenant debt which is crucial because it is the nature of the debt that is significant in this case. The Plaintiff does not claim that there is not *any* permissible purpose for a debt collector to pull a consumer report. Plaintiff

is simply stating that, as a result of the nature of the debt at issue in this case, the *Defendant* does not have a permissible purpose to pull Ms. Pigg's consumer report.

### B.     Plaintiff's Rental Agreement is not "credit" or a "credit transaction"

The FCRA defines the word "credit" as "the right granted by a creditor to a debtor to defer payment of a debt or to incur debt and defer its payment." 15 U.S.C. § 1691a(d). A rental agreement requires contemporaneous or pre-payment of rent. For example, a tenant pays his/her landlord on the first day of the month for the benefit of residing in the rented premises for the remainder of the month; thus, the payment of the debt is not deferred. Because the payment of rent does not involve a right to defer payment of a debt or to incur debt and defer its payment, the rental agreement cannot be considered a credit transaction. As a credit transaction is the prerequisite for a §1681b(a)(3)(A) permissible pull, the Defendant did not have a permissible purpose for obtaining Plaintiff's credit report, thus violating the FCRA.

The Defendant cites to Wright v. Bogs Management, Inc., a Northern Illinois district case, to support their claim that the rental agreement is "credit" as defined by the statute. The Wright case is distinguishable from the facts at issue in this case. First, the Plaintiff in the Wright case, did not have an actual rental agreement with the Defendant, so the issue of a residential lease was not discussed in determining if the Defendant had a permissible purpose for pulling that Plaintiff's credit report. Second, the FCRA portion of the case centers on a bounced check that resulted in the past due rent. Here, there is no indication that Ms. Pigg's debt to Ashford involved a dishonored check.

Lastly, the case is based on case law that is over twenty years old and its legal basis has eroded over time. Many developments in law and specifically the FCRA have occurred during

7

that time. In particular, the Act was amended in 1996 and 2003. A part of the authority used in the Wright case, 16 C.F.R. 600, was rescinded in 2011. The Federal Trade Commission described the 1990 Commentary used in the Wright case as "partially obsolete." 76 Fed. Reg. at 44,463 (June 26, 2011). It also referred to the 1990 Commentary's "staleness" Id. Adding, "Indeed, in some respects, the Commentary, is in conflict with the law as it has been amended." Id.

Plaintiff's argument is based upon a much more recent precedent from the Seventh Circuit Court of Appeals. Specifically, the Seventh Circuit Court of Appeals has looked at this specific issue, more recently, and determined that a residential lease is not a "credit transaction". *See* Laramore v. Ritchie Realty Management Co., 397 F. 3d 544,546 (7th Cir. 2005) (The court held that since there is no deferral of a debt, then a residential lease cannot be a credit transaction.) The Laramore court described the "typical residential lease" as a "… contemporaneous exchange of consideration…". Id. It states further, "As such, there is no deferral of a debt, the requirement for a transaction to be a credit transaction under the Act." Id. The Laramore case evaluated the definition of credit, as it relates to residential leases, in the context of the Equal Credit Opportunity Act ("ECOA"). The definition of the word "credit" is the same under both the ECOA and the FCRA. *See* Bartlett v. Bank of America, NA, 2014 WL 3773711, at *4 (D. Md. July 29, 2014), aff'd, 603 F. App'x 209 (4th Cir. 2015) (The FCRA incorporates ECOA's definitions of "adverse action", "credit" and "creditor".) In Laramore, unlike the Wright case, the primary focus was to determine if a residential lease is a credit transaction. It unequivocally decided that it is not. It is clear that the Seventh Circuit Court of Appeals does not consider residential leases as credit.   In addition, other courts have used the

Laramore analysis of residential leases as "credit transactions" to determine that residential leases are not credit transactions as defined by the ECOA, which as we have discussed *supra*, uses the same definition of "credit" as the FCRA.  See Ollie v. Waypoint Homes, Inc., 104 F.Supp.3d 1012, 1014 (N.D. Cal. 2015) (A typical residential lease does not constitute a "credit transaction" such that the ECOA applies.)  Another court describes the Laramore case as one of its "persuasive authorities" and states "we agree with the Seventh Circuit's view that the ECOA does not apply to 'typical' residential leases. Portis v. River House Assocs., L.P., 498 F. Supp. 2d 746, 750 (M.D. Pa. 2007).

As set forth above, a rental agreement or residential lease is not a credit transaction.  The nature of Plaintiff's debt does not meet the requirements for a permissible pull under §1681b(a)(3)(A).  Consequently, the Defendant did not have a permissible purpose when it procured the Plaintiff's credit report, doing so, in violation of the FCRA.

### V. Conclusion

As set forth herein, Plaintiff has met the burden to survive Defendant's Motion to Dismiss.  Defendant's Motion to Dismiss should be denied, as the authority set forth in this memorandum shows, that Plaintiff has provided sufficient factual and legal basis for the FCRA violation set forth in her amended complaint.  The Defendant's Motion to Dismiss is based on an inaccurate interpretation of the statute and antiquated authority.  Indeed, the legal basis for Defendant's argument has been partially rescinded.  By contrast, Plaintiff's argument is supported by binding precedent of the Seventh Circuit Court of Appeals.  Thus, Defendant's Motion to Dismiss must be denied.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49
Attorney for Plaintiff
5214 S. East Street, Suite D-1
Indianapolis, IN  46227
(317)780-8300
(317) 217-1320 fax
steinkamplaw@yahoo.com

## Certificate of Service

I hereby certify that on April 17, 2017 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Jennifer Kalas
jkalas@hinshawlaw.com

  /s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
5214 S. East Street, Suite #D-1
Indianapolis, IN  46227
Phone: (317) 780-8300
Fax: (317) 217-1320
steinkamplaw@yahoo.com