UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VIVIAN PIGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-01902-JMS-DML |
| | ) | |
| FAIR COLLECTIONS & | ) | |
| OUTSOURCING OF NEW ENGLAND, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Vivian Pigg defaulted on her lease agreement with her former landlord. [Filing No. 34 at 2.] The debt was transferred to Defendant Fair Collections & Outsourcing of New England ("Fair Collections"), and Fair Collections attempted to collect the debt from Ms. Pigg. [Filing No. 34 at 2.] Ms. Pigg claims that without a permissible purpose, Fair Collections procured her credit report. [Filing No. 34 at 2.] In addition, Ms. Pigg asserts that after she filed for bankruptcy protection, Fair Collections contacted Ms. Pigg on numerous occasions to collect the debt. [Filing No. 34 at 4.] She initiated this litigation alleging that Fair Collections violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). [Filing No. 1; Filing No. 34.] Fair Collections has now filed a Motion to Dismiss Count I of Plaintiff's First Amended Complaint, [Filing No. 38], and Ms. Pigg opposes that motion, [Filing No. 46].

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

1

(quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### RELEVANT BACKGROUND

The following background is set forth pursuant to the applicable standards, accepting all well-pled factual allegations against Fair Collections from Ms. Pigg's Amended Complaint as true. Ms. Pigg had entered into a lease agreement with her landlord, Ashford Keystone Apartments, and later incurred a debt as a result of a default on the lease agreement. [Filing No. 34 at 2.] Fair Collections attempted to collect an outstanding balance that Ms. Pigg allegedly owed. [Filing No. 34 at 2.] After Fair Collections attempted to collect the debt from Ms. Pigg, it reported the debt to various credit reporting agencies. [Filing No. 34 at 2.] On June 18, 2015, Ms. Pigg reviewed her TransUnion report and noticed that Fair Collections procured her credit report on April 15, 2015.

[Filing No. 34 at 2.] Ms. Pigg claims that Fair Collections never received permission from Ms. Pigg to obtain her credit report. [Filing No. 34 at 3.]

### III.
#### DISCUSSION

Fair Collections' sole challenge in its Motion to Dismiss is to Ms. Pigg's FCRA claim brought under 15 U.S.C. § 1681b(f). [Filing No. 39 at 1.] It argues that Ms. Pigg "admits that she defaulted on her rental agreement with her former landlord" and that "[Fair Collections] began attempting to collect from her the unpaid rent on behalf of [her] former landlord." [Filing No. 39 at 3.] Fair Collections argues that "[t]hese admissions demonstrate that [Fair Collections] obtained [Ms. Pigg's] credit report for the permissible purpose of 'collection of an account.'" [Filing No. 39 at 3.] Fair Collections argues that Ms. Pigg's claim that the rental agreement is not "credit" under the law and was not a credit transaction is "both false and irrelevant for purposes of analyzing [Fair Collections'] liability under the FCRA." [Filing No. 39 at 3.] Fair Collections claims that the end result is that "unpaid rent constitutes consumer debt for which [Fair Collections] was attempting to collect." [Filing No. 39 at 4.]

In response, Ms. Pigg argues that Fair Collections has based its Motion to Dismiss on a misreading of the statute. [Filing No. 46 at 6.] She claims that in order for the credit agency to furnish a consumer report to a person, it "must be in connection with a credit transaction involving the consumer, and then, either involving extension of credit to that consumer or review or collection of an account of that consumer." [Filing No. 46 at 6.] Ms. Pigg claims that Fair Collections ignores the first requirement that the consumer report must be in connection with a credit transaction and focuses solely on the language "collection of an account." [Filing No. 46 at 6.] Ms. Pigg argues that a lease agreement is not considered a credit transaction, and that the case law that Fair Collections relies on "is over twenty years old and its legal basis has eroded over

time." [Filing No. 46 at 7.] Lastly, Ms. Pigg cites to a Seventh Circuit Court of Appeals case that she claims demonstrates that a residential lease is not a credit transaction. [Filing No. 46 at 8-9.]

In reply, Fair Collections argues that the focus here is "whether [Fair Collections] had a permissible purpose for allegedly requesting a copy of [Ms. Pigg's] credit report." [Filing No. 50 at 1.] Fair Collections claims that "all the 'permissible purposes' under the FCRA do not all involve or relate to the issuance of credit," and it mentions in passing several examples of permissible purposes. [Filing No. 50 at 1-2.] Fair Collections further argues that the case law that it cited remains good law, and that the case that Ms. Pigg relies on is factually different from the underlying litigation. [Filing No. 50 at 2-3.] Fair Collections claims that "[e]very day [Ms. Pigg] stays in the apartment without paying she is being extended a form of credit which will ultimately be collected from her." [Filing No. 50 at 3-4.] It argues that Ms. Pigg's interpretation of the statute is wrong, and that the portion of the statute that says "'[o]r review or collection of an account' stands alone and is not read conjunctively with the requirement that the 'account' be one associated with a 'credit transaction.'" [Filing No. 50 at 4.]

"Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and to protect consumer privacy." *Miller v. Trans Union LLC*, 2007 WL 641559, at *2 (N.D. Ill. 2007) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001)). "The statutory requirement that a person have a 'permissible purpose' prior to requesting or receiving a consumer report is an attempt to balance the consumer's privacy interests with society's interest in the efficient provision of financial services." *Miller*, 2007 WL 641559, at *2 (quoting *TRW*, 534 U.S. at 23). Moreover, 15 U.S.C. § 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with

[15 U.S.C. § 1681e] by a prospective user of the report through a general or specific certification." This means that a person who furnishes or obtains a consumer report must have a "permissible purpose." *Miller*, 2007 WL 641559, at *2. 15 U.S.C. § 1681b(a) sets forth the permissible purposes that a person must have to furnish or obtain a consumer report.

The permissible purpose relied upon by Fair Collections is as follows: if the person "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer. . . ." 15 U.S.C. § 1681b(a)(3)(A). The parties dispute the interpretation of this statute. Fair Collections believes that to have a permissible purpose to retrieve a consumer's credit report, the information must simply be in collection of a debt, and without the requirement that it be in connection with a credit transaction. Conversely, Ms. Pigg's interpretation of the statute is that in order to have a permissible purpose, the information must be both in connection with a credit transaction and involving the collection of an account.

To support its argument, Fair Collections relies on many cases that are based on credit card debt, which are distinguishable because the underlying debt in this case resulted from the default of a lease agreement. *See Miller v. Wolpoff & Abramson, LLP*, 309 Fed.Appx. 40 (7th Cir. 2009) (noting that after plaintiff defaulted on a credit card, defendant attempted to collect the debt on behalf of the owner of the debt and had a permissible purposed to obtain plaintiff's credit report); *Grant v. RJM Acquisitions Funding, LLC*, 2013 WL 3071249 (N.D. Ill. 2013) (finding that plaintiff incurred a debt from an online retailer, and defendant, who purchased the debt, had a permissible purpose to obtain a credit report after attempting to collect the debt); *Smith v. Encore Capital Grp. Inc.*, 966 F. Supp. 2d 817, 823 (E.D. Wis. 2013) (finding that the creditor had a permissible purpose to obtain plaintiff's credit report because it was in connection with the collection of unpaid "CIT

BANK account").  In *Demaestri v. Asset Acceptance Capital Corp.*, 2012 WL 1229907 (D. Col. 2012), the plaintiff argued that the creditor did not have a permissible purpose to obtain a consumer report because her debt – a delinquent energy account – was not considered an "account" under the statute because it was not a demand deposit, savings deposit, or other asset account.  The Court found this argument unpersuasive and claimed that the "collection of a debt has been consistently found to be a permissible purpose for seeking a consumer's credit report." *Id.* at *4.  The parties in *Demaestri*, however, did not raise the issue of whether the debt had to be in connection with a credit transaction, which is the issue here.

Fair Collections also relies on *Wright v. Bogs Management, Inc.*, 2000 WL 1774086, at *1 (N.D. Ill. 2000), but that case is also unpersuasive.  In *Wright*, the plaintiff, who resided in a friend's apartment but was not included in the lease, was behind in rent and attempted to pay the landlord with a check, but it came back for insufficient funds.  *Id.*  After the landlord obtained the plaintiff's credit report, the plaintiff sued the landlord for violating 15 U.S.C. § 1681b(a)(3)(A).  *Wright*, 2000 WL 1774086, at *1.  The district court found that the landlord had a permissible purpose to obtain the credit report given that the plaintiff had accrued a debt when he continued to reside in the apartment without paying rent.  *Id.* at *17.  The district court relied upon the Federal Trade Commission's Statements of General Policy or Interpretations Under the Fair Credit Reporting Act ("FCRA Commentary"), explaining that to recover the amount from a bad check is a collection of a debt, and is therefore a permissible purpose to obtain a credit report.  *Id.* at *17. *Wright* is distinguishable, first, because it does not address whether a lease agreement is considered a credit transaction.  Second, *Wright* relies on the FCRA Commentary, which was rescinded in 2011 and is no longer persuasive authority.  *See Statement of General Policy or Interpretation; Commentary on the Fair Credit Reporting Act*, 76 FR 44462-01, 2011 WL 3020465 (July 26,

2011) ("Since the publication of the 1990 Commentary, the FCRA has been amended several times in the ensuing years. . . .  As a result of these significant changes in the FCRA, as well as the passage of time, the 1990 Commentary has become partially obsolete.").

To determine the proper statutory construction of the statute, the Court points to *Miller*. 2007 WL 641559, at *4.  In that case, the district court reorganized the language of the statute as follows:

> [A]ny consumer reporting agency may furnish a consumer report . . . [t]o a person which it has reason to believe intends to use the information
>
> (1) in connection with a credit transaction involving the consumer on whom the information is to be furnished and
>
> (2) involving the
>
> (a) extension of credit to or
>
> (b) review or collection of an account of the consumer.

*Id*.  *Miller* further explained that "the requirement that the agency have reason to believe the person requesting the report intends to use it 'in connection with a credit transaction involving the consumer' applies to both of the permissible purposes, the 'extension of credit' and the 'review or collection of an account.'" *Id.*

Here, the Court emphasizes that Fair Collections' only developed argument is that under 15 U.S.C. § 1681b(a)(3)(A), the debt need not be in connection with a credit transaction.  The Court, however, agrees with the court in *Miller* that insofar as 15 U.S.C. § 1681b(a)(3)(A) is concerned, a credit transaction is a necessary prerequisite.  Fair Collections did not present any arguments or authority to demonstrate that Ms. Pigg's debt is in connection with a credit transaction.  Its only other argument with respect to whether Ms. Pigg's lease agreement is a credit transaction is that Ms. Pigg "is being extended a form of credit which will ultimately be collected

from her," [Filing No. 50 at 4], but it cites no authority to support this proposition. The Court is not making a finding as a matter of law that Ms. Pigg's lease agreement with her former landlord is not considered a credit transaction. It also does not foreclose the possibility that Fair Collections had another permissible purpose under the FCRA to retrieve Ms. Pigg's credit report. Rather, it finds that based on Fair Collections' narrow argument, it has failed to present any grounds to dismiss Ms. Pigg's FCRA claim.

## IV.
### CONCLUSION

For the reasons detailed herein, Fair Collections' Motion to Dismiss Count I of Plaintiff's First Amended Complaint, [Filing No. 38], is **DENIED.**

Date:  July 18, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**